1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JANAI SERENE OPAL MEEKS, | Case No.  2:22-cv-00471-JDP (PC) |
| 12              Plaintiff, | ORDER: |
| 13        v. | (1) DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| 14  BUTTE COUNTY SHERIFF'S DEPARTMENT AND BUTTE | |
| 15  COUNTY JUDICIAL TEAMS, | (2) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA* |
| 16              Defendants. | *PAUPERIS* |
| 17 | ECF No. 7 |
| 18 | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE |
| 19 | DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A |
| 20 | CLAIM |
| 21 | ECF No. 1 |
| 22 | FOURTEEN-DAY DEADLINE |
| 23 | |

24        Plaintiff, who is awaiting trial in state court, alleges that her rights were violated during

25   her arrest when law enforcement failed to advise her of her *Miranda* rigthts.  She also claims that

26   her arraignment in state court was untimely.  These allegations must be dismissed under the

27   *Younger* abstention doctrine.  I will also grant plaintiff's application to proceed *in forma*

28   *pauperis*.

1

2                                    **Screening Order**

3        **I.        Screening and Pleading Requirements**

4              A federal court must screen a pro se litigant's complaint.  *See* 28 U.S.C. § 1915(e)(2).

5    The court must identify any cognizable claims and dismiss any portion of the complaint that is

6    frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

7    relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(b).

8              A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

11   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

12   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

13   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

14   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

16   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17   n.2 (9th Cir. 2006) (en banc) (citations omitted).

18             The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

19   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

20   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25

26

27

28

                                           2

1

2       **II.      Analysis**

3              Plaintiff alleges that she was not given a *Miranda* warning at the time of her arrest and

4       that her arraignment on state criminal charges was untimely.  ECF No. 1 at 3-4.  She asks that the

5       charges pending against her be dismissed.  *Id.* at 3.  Under the Supreme Court's decision in

6       *Younger v. Harris*, 401 U.S. 37 (1971), a federal court is prohibited from enjoining ongoing state

7       criminal proceedings absent a showing of "extraordinary circumstances."  401 U.S. at 43-54.

8       Such circumstances exist only where "the threat to the plaintiff's federally protected rights . . .

9       cannot be eliminated by his defense against a single criminal prosecution."  *Id.* at 46.  Plaintiff

10      has not identified any reason why the issues that he wishes to raise in this court cannot be raised

11      in state court.

12             I find that leave to amend is unwarranted.  This court must abstain from considering

13      plaintiff's claims and nothing, short of changing the fundamentals of her allegations, could result

14      in a viable complaint.

15             It is ORDERED that:

16             1.        Plaintiff's application to proceed *in forma pauperis*, ECF No. 7, is GRANTED.

17             2.        The Clerk of Court is directed to assign a district judge to this action.

18              Further, I RECOMMEND that Plaintiff's complaint, ECF No. 1, be dismissed without

19      leave to amend for failure to state a claim.

20             These recommendations will be submitted to the U.S. district judge presiding over the

21      case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of

22      these findings and recommendations, plaintiff may file written objections with the court.  That

23      document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."

24      The presiding district judge will then review the findings and recommendations under 28 U.S.C.

25      § 636(b)(1)(C).

26

27

28

IT IS SO ORDERED.

Dated:    July 18, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE